# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINALD A. MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-cv-01767-JAR |
| ) | |
| LAURENT JAVOIS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Reginald A. Morgan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will direct petitioner to show cause why his petition should not be dismissed as untimely and for failure to exhaust his state remedies.

### Background

On February 22, 1992, petitioner was found not guilty by reason of insanity on the charges of first-degree assault, unlawful use of a weapon, and armed criminal action. (Docket No. 1 at 1). He is civilly committed at the St. Louis Psychiatric Rehabilitation Center in St. Louis, Missouri. He seeks release from confinement on the grounds that the "public defender entered a not guilty plea due [to] my nephew being stabbed by me after he stabbed me 3 times." (Docket No. 1 at 4).

### Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year

1

statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

To the extent that petitioner is challenging the original 1992 order committing him to the custody of the Department of Mental Health, his petition appears time-barred. Petitioner states that he appealed his commitment to the United States Supreme Court and the Missouri Court of Appeals. He does not, however, provide any case citations or dates for these appellate proceedings, and the Court is unable to find record of them on Missouri Case.net, the online docketing system for Missouri courts. Regardless of whether petitioner filed appeals from his original commitment or not, over twenty-six years have elapsed since the commitment order, and it is highly unlikely that petitioner is still within the one-year limitations period.

Missouri allows civilly committed persons to apply for conditional release on a yearly basis. Mo. Rev. Stat. § 552.040.13. Thus, it is possible that petitioner may be timely if he is challenging a recent conditional release hearing. However, the Court has been unable to find any record of a recently filed case challenging his commitment. Petitioner must demonstrate that he has recently challenged his commitment, such that he is within the one-year statute of limitations period.

Furthermore, petitioner has also not demonstrated that he has exhausted his state remedies. "It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner

2

must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdulla v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

As noted above, the Court was unable to find any recent case in which petitioner has challenged his commitment in state court. Petitioner must first demonstrate that he has exhausted his state remedies before filing a federal habeas petition. Therefore, the Court will order petitioner to show cause why his petition should not be summarily dismissed. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Petitioner must state whether he is challenging the 1992 order committing him to the custody of the Department of Mental Health or whether he is challenging the denial of conditional release. If petitioner is challenging the denial of conditional release, he must name the court where the hearing took place, as well as the case number, and whether he appealed from the court decision, and provide the court with the case number of the appeal. Furthermore, petitioner must articulate the facts that he believes entitle him to conditional relief. Failure to comply with this order will result in the dismissal of this case.

### Motion to Proceed in Forma Pauperis

Petitioner has filed a motion to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that petitioner is unable to pay the filing fee. As such, the motion will be granted.

3

## Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel. (Docket No. 5). As petitioner is being directed to show cause why his case should not be dismissed, the Court will deny petitioner's motion at this time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket No. 5) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as untimely and for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 15th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE