UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD A. MORGAN, )
)
Petitioner, )
)
v. ) No. 4:18-cv-01767-JAR
)
LAURENT JAVOIS, )
)
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Reginald A. Morgan's response to the Court's March 15, 2019 order to show cause. (Docket No. 8). The Court had ordered petitioner to show cause why his 28 U.S.C. § 2254 petition should not be dismissed for untimeliness and for failure to exhaust state remedies. Having carefully reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2244 and because petitioner has failed to demonstrate exhaustion.

### Background[1]

In 1992, petitioner was charged in Missouri state court with first degree assault, armed criminal action, and unlawful use of a weapon. The charges stemmed from petitioner's stabbing of his nephew with a butcher knife. In March of 1994, petitioner was acquitted on the ground of mental disease or defect excluding responsibility.[2] He was thereafter committed to the custody of Missouri's Director of Mental Health. The Court ordered that petitioner was not to be released

---

[1] Much of the following background is taken from earlier proceedings. *See Morgan v. Lacy*, No. 4:05-cv-263-HEA, 2005 WL 2290578 (E.D. Mo. Sept. 20, 2005); *Morgan v. Javois*, 744 F.3d 535, 536-37 (8th Cir. 2013); *Morgan v. Javois*, No. 4:14-cv-150-JMB (E.D. Mo. Nov. 5, 2015); and *Morgan v. Javois*, No. 4:17-cv-1640-SPM (E.D. Mo. Sept. 28, 2017). The Court takes judicial notice of these records. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010).

[2] In his petition, petitioner states that he was found not guilty by reason of insanity on February 22, 1992; however, it appears this date is mistaken, and that petitioner was actually acquitted, and subsequently committed, in 1994.

except in accordance with statutory procedures and court approval. He has been in psychiatric care since that time.

Over the years, petitioner has applied for relief from the federal courts numerous times, seeking release on various grounds. His petitions have all been dismissed.

In *Morgan v. Javois*, No. 4:05-cv-263-HEA (E.D. Mo. Sept. 20, 2005), the Court determined that petitioner's § 2254 petition was untimely as to the original 1994 commitment order. The Court further found that petitioner had failed to exhaust his state remedies. The petition was dismissed and petitioner did not appeal.

In *Morgan v. Javois*, No. 4:08-cv-1601-TIA (E.D. Mo. Aug. 24, 2011), the Court dismissed petitioner's § 2254 petition as successive. The Eighth Circuit Court of Appeals ultimately determined that petitioner's petition was not successive. *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013). However, the Court of Appeals noted that petitioner's procedural default in state court barred federal habeas review, absent a showing of "cause and prejudice or a miscarriage of justice." *Id*. Petitioner failed to make such a showing and the dismissal was affirmed. *Id.* at 539. The United States Supreme Court denied petitioner's petition for writ of certiorari. *Morgan v. Javois*, 572 U.S. 1065 (2014).

In *Morgan v. Javois*, No. 4:14-cv-150-JMB (E.D. Mo. Nov. 5, 2015), the Court determined that petitioner had exhausted his state court remedies and that his petition was not second or successive. The Court, however, noted that petitioner had procedurally defaulted his federal claim because he did not comply with the procedural requirements of the Missouri Court of Appeals. The Court further found that petitioner made no attempt to show cause for failing to comply with the state court rules. The petition was dismissed. Petitioner filed a notice of appeal on November 13, 2015. The Eighth Circuit Court of Appeals denied petitioner's application for a

2

certificate of appealability and dismissed the appeal. *Morgan v. Javois*, No. 15-3683 (8th Cir. 2016).

In *Morgan v. Javois*, No. 4:16-cv-1459-RLW (E.D. Mo. Sept. 26, 2016), the Court noted that petitioner had submitted an incomplete petition for writ of habeas corpus pursuant to § 2254. Petitioner was ordered to complete the form in its entirety and return it to the Court. He failed to comply and the Court dismissed his petition for failure to prosecute on October 18, 2016. Petitioner filed a notice of appeal on October 24, 2016. The Eighth Circuit Court of Appeals denied petitioner's application for a certificate of appealability and dismissed the appeal. *Morgan v. Javois*, No. 16-4129 (8th Cir. 2017).

Finally, in *Morgan v. Javois*, No. 4:17-cv-1640-SPM (E.D. Mo. Sept. 28, 2017), the Court determined that to the extent that petitioner was challenging his 1994 state court judgment, his petition was successive and untimely. The Court also determined that to the extent petitioner was attempting to seek conditional or unconditional release, his petition was subject to dismissal due to his failure to exhaust state remedies. Petitioner filed a notice of appeal on October 4, 2017. The Eighth Circuit Court of Appeals denied petitioner's application for a certificate of appealability and dismissed the appeal. *Morgan v. Javois*, No. 17-3258 (8th Cir. 2018).

## The Petition

Petitioner is currently being held at the St. Louis Psychiatric Rehabilitation Center in St. Louis, Missouri, pursuant to a civil commitment. The petition in the instant case was filed on October 12, 2018, the day petitioner placed it into the institution's mailing system.[3] Petitioner asserts a single ground for relief, challenging the legality of his 1994 state court judgment. Specifically, he appears to be asserting that his attorney was ineffective for entering a plea of not

---

[3] For purposes of applying the statute of limitations in 28 U.S.C. § 2244(d), "a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

3

guilty by reason of insanity. (Docket No. 1 at 4). Petitioner writes: "The public defender entered a not guilty plea due [to] my nephew being stabbed by me after he stabbed me (3) times – domestic fight." Petitioner provides no further grounds for relief and does not allege that he has recovered his sanity or that he is no longer ill or dangerous.

## Order to Show Cause

On March 15, 2019, the Court ordered petitioner to show cause why his case should not be summarily dismissed. (Docket No. 7). The Court noted that petitioner's action as to the original commitment appeared to be time-barred under § 2244. The Court further noted that it could find no record of a recently-filed challenge to his confinement in state court, such that this action might be timely. Further, the Court observed that petitioner had not made an effort to demonstrate exhaustion of his state remedies.

The Court directed petitioner to state whether he was challenging his original commitment or whether he was challenging the denial of conditional release. If petitioner was challenging the denial of conditional release, he was directed to name the court where the hearing took place, the case number, whether or not he appealed, and if he appealed, the appellate case number. Petitioner was also directed to articulate the facts that he believes entitles him to release. The Court cautioned petitioner that failure to comply with this order would result in dismissal.

## Petitioner's Response to the Court's Order to Show Cause

Petitioner filed his response, titled "Cause Shown," on March 22, 2019. (Docket No. 8). The response states in its entirety:

> The Ku Klux Klan kidnapped the petitioner in 1992, and began poisoning the petitioner causing his death on four murder chargers, where the petitioner conquered death. Allah has spoken and exhausting state remedies is futile at this time. See all attached

4

documents showing where petitioner own the Department [of] Corrections, and Saint Louis Psychiatric Rehabilitation Center and the Department of Mental Health. Petitioner request[s] relief.

As referenced in his response, petitioner has attached a number of documents to his filing. First, there is a document titled "Writ of Execution" and "Motion for Prosecution" filed with the Eighth Circuit Court of Appeals on February 17, 2017. (Docket No. 8-1 at 1). The motions refer to property that petitioner states has been taken from him. Second, there is another "Motion for Prosecution," filed with the Eighth Circuit Court of Appeals on August 8, 2018. (Docket No. 8-1 at 5). In this motion, petitioner alleges that respondents are tampering with a witness and refusing to discharge him. Third, there is a second writ of execution, this one filed with the Eighth Circuit Court of Appeals on March 14, 2018. (Docket No. 8-1 at 6). The motion seeks damages by attachment for being wrongfully held in confinement. Next, there is a "Writ of Attachment" filed with the Eighth Circuit Court of Appeals on March 6, 2018. (Docket No. 8-1 at 11). The motion seeks "attachment" of the Department of Justice in Washington, D.C. Finally, there is another "Motion for Prosecution," filed with the Eighth Circuit Court of Appeals on March 17, 2017. (Docket No. 8-1 at 14). The motion states that the nurse practitioner is angry with him for not going to treatment, and accuses defendants of tampering with a witness and taking his money.

## Discussion

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was ordered to show cause why his petition should not be summarily dismissed. Petitioner has filed a response to this order. Having thoroughly reviewed and liberally construed the response, and for the reasons discussed below, petitioner's petition must be dismissed.

5

### A. Successiveness

To the extent that petitioner is challenging the 1994 state court judgment on the grounds of ineffective assistance of counsel, the petition is subject to dismissal because it is successive. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a] claim presented in a second or successive habeas corpus application...that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). However, the United States Supreme Court has recognized that this prohibition does not foreclose a second petition that raises a claim that was "unripe" at the time of the first habeas petition. *Panetti v. Quarterman*, 551 U.S. 930, 943-45 (2007).

In petitioner's most recent habeas filing, in *Morgan v. Javois*, No. 4:17-cv-1640-SPM, his sole ground for relief is nearly identical to the ground presently before the Court. Specifically, in the petition filed with the Court on June 8, 2017, petitioner alleges that: "My nephew stabbed me three times and I stabbed him once and my public defender entered a plea of not guilty by reason of insanity (NGRI)." In that case, the Court determined that petitioner's claim was ripe and could have been raised in earlier proceedings. As such, the petition was deemed successive. Here, the outcome is the same. A claim for ineffective assistance of counsel with regards to the 1994 state court judgment was ripe and could have been raised in petitioner's earlier habeas proceedings. Hence, to the extent that he attempts to raise that claim now, the petition is subject to dismissal as successive. *See* 28 U.S.C. § 2244(b)(1).

### B. Timeliness

Petitioner's petition is also untimely. The AEDPA established a one-year statute of limitations for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the

6

latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The state court judgment that petitioner is challenging was rendered in March of 1994. The petition in the instant case was filed on October 12, 2018. Thus, a period of over twenty-four years has elapsed since petitioner was originally committed by the Missouri state court. By any calculation, petitioner has filed the instant case beyond the one-year statute of limitations period.

**C. Exhaustion**

To the extent that petitioner can be understood to be seeking conditional or unconditional release from commitment, the petition is subject to dismissal due to his failure to exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). "It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). The exhaustion requirement:

> implicates consideration of...whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petitions is filed, as well as whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation.

*Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal

7

constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id.*

A search of records on Missouri Case.net, Missouri's online case management system, discloses that petitioner's most recent state court filing occurred in 2014. The Court was unable to view the case; however, an appeal to the Missouri Court of Appeals was dismissed on April 29, 2015, due to petitioner's failure to perfect his appeal. *See In the Matter of Reginald Morgan*, No. ED102470 (Mo. App. 2015). The Court has been unable to find any recent indication that petitioner has moved for conditional or unconditional release from commitment.

Petitioner was given the opportunity to demonstrate to the Court that he has applied for release and exhausted his state remedies. His response, though, is insufficient. He states that "Allah has spoken and exhausting state remedies is futile at this time." Yet he does not explain what he means when he alleges futility. Instead, he refers the Court to a series of attachments

8

that accompany the motion. The attachments consist of filings he provided the Eighth Circuit Court of Appeals in earlier appeals. Petitioner's attachments are not pertinent to the issue of futility. Moreover, they are copies of filings that he made prior to the instant case, and do nothing to show why exhaustion of state remedies is presently futile. Therefore, to the extent that petitioner can be understood to be seeking conditional or unconditional release, the petition is subject to dismissal due to his failure to exhaust his available state remedies.

### D. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, to the extent that petitioner is seeking review of his original 1994 commitment, his petition is successive, because his claim was ripe and could have been raised in earlier habeas proceedings. Furthermore, the petition is untimely, because it was filed more than twenty-four years after his commitment, which is well beyond the one-year limitations period, regardless of how the limitations period is calculated. Finally, to the extent that petitioner is seeking review of the denial of conditional or unconditional release, he has not demonstrated that he has exhausted his state remedies by filing an action in state court and completing the appellate process. Therefore, the Court must dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus in its entirety.

### E. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

9

deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Reginald A. Morgan's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 8th day of April 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE